



## MEMORANDUM OPINION

No. 04-11-00778-CV

### IN RE M.A.R.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-00929
Honorable Carmen Kelsey, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:         Catherine Stone, Chief Justice
                 Phylis J. Speedlin, Justice
                 Steven C. Hilbig, Justice

Delivered and Filed:  May 2, 2012

AFFIRMED

The sole issue presented in this appeal is whether the trial court abused its discretion in modifying M.A.R.'s disposition by continuing him on probation in the care, custody, and control of the chief juvenile probation officer instead of in the care, custody, and control of his paternal grandparents. We affirm the trial court's order.

A juvenile judge has broad discretion to determine a suitable disposition of a child who has been adjudicated as engaging in delinquent behavior. *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.). Absent a showing of abuse of discretion, we will not disturb the court's modification of a juvenile's disposition. *Id.* A court abuses its discretion

when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Id.*

M.A.R. was adjudged to have engaged in delinquent conduct for committing the offense of theft and was placed on probation in the care, custody, and control of his mother. In response to the State's motion to modify his disposition, M.A.R. pled true to violating the conditions of his probation by leaving home without permission and failing to comply with electronic monitoring. After a series of three hearings, the trial court determined that placement outside the home in the care, custody, and control of the chief juvenile probation officer was appropriate because: "respondent [M.A.R.] needs treatment for substance abuse; the respondent has a long and/or extensive history with the probation department; parent has insufficient skills to properly supervise her child; child in need [of] therapeutic and structured environment; history of runaway; cannbis [sic] abuse and dependence."

M.A.R. does not challenge the foregoing findings, which are supported by the record. The record establishes that M.A.R. had seven prior adjudications and had previously been placed outside of the home on two occasions. The record supports that M.A.R. began abusing substances at the age of 11 and has a history of alcohol and drug dependence, including daily use of marijuana. Although M.A.R.'s drug tests were negative before he left his mother's home without permission, no subsequent tests were performed between the date he left his mother's home and the disposition hearing several months later. M.A.R.'s probation officer testified regarding M.A.R.'s reluctance to follow family rules, albeit in the home of his mother as opposed to the home of his paternal grandparents. Although a subsequent assessment determined that M.A.R. "may" be appropriate for outpatient substance abuse treatment, the trial court did not abuse its discretion in determining that M.A.R.'s history demonstrated that a more

therapeutic and structured environment was appropriate, especially in view of his history of running away from family members who imposed rules on him. Although M.A.R. may believe "he would do well on probation in his grandparent's home," based on the record presented, the trial court did not abuse its discretion in placing him in the care, custody, and control of the chief juvenile probation officer.

The trial court's order is affirmed.

Catherine Stone, Chief Justice